IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANAMELIA WRIGHT, individually and on behalf of all others similarly situated,<br><br>**Plaintiffs**<br><br>v.<br><br>**POST UNIVERSITY, INC.**<br><br>**Defendant.** | Case No. 3:25-CV-01555-SVN<br><br>Jury Trial Demanded |

### POST UNIVERSITY, INC.'S ANSWER TO CLASS ACTION COMPLAINT

Defendant Post University, Inc. ("Defendant" or the "University"), by and through its attorneys, hereby answers the Class Action Complaint and Demand for Jury Trial (the "Complaint") of Plaintiff Anamelia Wright, individually and on behalf of all others similarly situated ("Plaintiff"), paragraph by paragraph as follows. Except as expressly admitted herein, Defendant denies each and every allegation in the Complaint.

1. The allegations of paragraph 1 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

2. Defendant denies that it made pre-recorded calls to Plaintiff's cellular phone number in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, ("TCPA").

3. The allegations of paragraph 3 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies that it engages in "telemarketing campaigns," but instead responds to prospective students who have requested information from the University concerning its educational programs. The University denies any remaining allegations in this paragraph.

4. The allegations of paragraph 4 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein and that this dispute is suitable for class certification under Rule 23.

## PARTIES

5. Admitted.

6. Admitted.

## JURISDICTION AND VENUE

7. Defendant admits this Court has jurisdiction over this dispute.

8. Defendant admits only that venue is permissible in this District, but denies the remaining allegations of paragraph 8.

## BACKGROUND

9. The allegations of paragraph 9 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies that it sent calls in violation of the TCPA.

10. The allegations of paragraph 10 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

11. The allegations of paragraph 11 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

12. The allegations of paragraph 12 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

13. The allegations of paragraph 13 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

## FACTUAL ALLEGATIONS

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14 of the Complaint, and on that basis denies them.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 of the Complaint, and on that basis denies them.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 of the Complaint, and on that basis denies them.

17. Defendant admits only that on July 24, 2025, a University admissions counselor placed a call to the telephone number that Plaintiff claims to be assigned to her, and that this call was placed in direct response to an online inquiry the University received in Plaintiff's name and providing the telephone number at issue. Defendant denies any remaining allegations in this paragraph.

18. Admitted.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 of the Complaint, and on that basis denies them.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20 of the Complaint, and on that basis denies them.

21.     The allegations of paragraph 21 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

22.     The allegations of paragraph 22 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

23.     The allegations of paragraph 23 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

24.     The allegations of paragraph 24 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

25.     Defendant denies the allegations of paragraph 25 of the Complaint.

26.     Defendant denies the allegations of paragraph 26 of the Complaint.

27.     Defendant admits that it "voluntarily" called Plaintiff back after she, or someone in her name, submitted an online inquiry requesting information from the University concerning its educational programs and provided the telephone number at issue for this purpose.

28.     Defendant admits that it voluntarily called Plaintiff back after she, or someone in her name, submitted an online inquiry requesting information from the University concerning its educational programs and provided the telephone number at issue for this purpose.  To the extent that this allegation asks the University to wade into the "free will vs. predestination" debate, the University currently does not have a department of theology, lacks knowledge or information

sufficient to form a belief as to the truth or falsity of these allegations of paragraph 28 of the Complaint, and on that basis denies them.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 29 of the Complaint, and on that basis denies them.

30. The allegations of paragraph 30 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 31 of the Complaint, and on that basis denies them.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

## CLASS ACTION ALLEGATIONS

33. Defendant incorporates by reference its responses to paragraphs 1 through 32 of the Complaint, as if fully set forth herein.

34. The allegations of paragraph 34 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

35. The allegations of paragraph 35 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

36. The allegations of paragraph 36 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

37. The allegations of paragraph 37 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

38. The allegations of paragraph 38 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 39 of the Complaint, and on that basis denies them. Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 40 of the Complaint, and on that basis denies them. Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

41. Defendant denies the allegations of paragraph 41 of the Complaint. Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

42. Defendant denies the allegations of paragraph 42 of the Complaint. Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 43 of the Complaint, and on that basis denies them.

Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 44 of the Complaint, and on that basis denies them. Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 45 of the Complaint, and on that basis denies them. Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 46 of the Complaint, and on that basis denies them. Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 47 of the Complaint, and on that basis denies them. Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

48. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 48 of the Complaint, and on that basis denies them. Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

49. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 49 of the Complaint, and on that basis denies them. Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 50 of the Complaint, and on that basis denies them. Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

51. The allegations of paragraph 51 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 51 of the Complaint, denies that it has violated the TCPA, and further denies that Plaintiff or other members of the putative class were harmed or are entitled to any relief.

52. The allegations of paragraph 52 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 52 of the Complaint, denies that it has violated the TCPA, and further denies that Plaintiff or other members of the putative class were harmed or are entitled to any relief.

53. The allegations of paragraph 53 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

54. The allegations of paragraph 54 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

55. The allegations of paragraph 55 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

56. The allegations of paragraph 56 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

57. The allegations of paragraph 57 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

58. The allegations of paragraph 58 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 58 of the Complaint, denies that it has violated the TCPA, and further denies that Plaintiff or other members of the putative class were harmed or are entitled to any relief.

59. The allegations of paragraph 59 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is

required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

60. The allegations of paragraph 60 of the Complaint constitute legal contentions and conclusions, opinions and argument to which no response is required. To the extent a response is required, Defendant denies that it has violated the TCPA and denies that class certification is appropriate in this case.

61. The allegations of paragraph 61 of the Complaint constitute legal contentions and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 61 of the Complaint, denies that it has violated the TCPA, and further denies that Plaintiff or other members of the putative class were harmed or are entitled to any relief.

## COUNT I

### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

62. Defendant incorporates by reference its responses to paragraphs 1 through 61 of the Complaint, as if fully set forth herein.

63. Defendant denies the allegations of paragraph 63 of the Complaint.

64. Defendant denies the allegations of paragraph 64 of the Complaint.

65. Defendant denies the allegations of paragraph 65 of the Complaint. Defendant denies that it has violated the TCPA, and further denies that Plaintiff or other members of the putative class were harmed or are entitled to any relief.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested. Defendant further denies that class certification is appropriate in this case.

## JURY DEMAND

Defendant denies that Plaintiff is entitled to any of the relief requested. Defendant further denies that class certification is appropriate in this case.

## AFFIRMATIVE DEFENSES

Without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of the claim included in the Complaint, Defendant sets forth the following affirmative defenses to Plaintiff's Complaint:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim against Defendant is barred, in whole or in part, because the injuries and/or damages alleged in the Complaint were proximately caused by, occurred, and/or were contributed to by acts or failures to act by another party for which Defendant cannot be vicariously liable.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks did not suffer a concrete injury traceable to Defendant's alleged violation of the TCPA because she is in fact complaining about voicemail messages, which are necessarily all prerecorded by the time the recipient listens to such messages.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted by Plaintiff are barred because Defendant has complied with all of the statutory and/or regulatory requirements under 47 U.S.C. § 227.

## FIFTH AFFIRMATIVE DEFENSE

The United States Constitution bars or limits the relief requested by Plaintiff, on her

behalf and on behalf of the putative class, if and to the extent the relief would unfairly subject Defendant to punishment and or to an unfairly extreme remedy without advance notice or opportunity to protect itself, or the relief would amount to a taking, or the relief would be out of proportion to the alleged conduct, or the remedy is unrestricted by sensible standards, or the relief would have an unfair economic impact on Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted by Plaintiff are barred because Plaintiff expressly invited Defendant to call her, did not later revoke, or properly revoke, her authorization to be called by Defendant or follow reasonable procedures for doing so, and did not suffer any injury by receiving the calls she requested.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff agreed to arbitrate any dispute with the University concerning the claims at issue.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged calls at issue are excepted from, do not fall within the purview of, and/or were not subject to the Telephone Consumer Protection Act, 47 U.S.C. § 227.

## NINTH AFFIRMATIVE DEFENSE

This action is not appropriate for certification as a class action because the requirements of Rule 23 of the Federal Rules of Civil Procedure are not met, including, but not limited to, that individual issues predominate over issues common to the putative class, putative class members Plaintiff seeks to represent are subject to agreements to arbitrate any claims that would be encompassed by Plaintiff's claims here, and a class action is not superior to other available

methods for the fair and efficient adjudication of the controversy.

## TENTH AFFIRMATIVE DEFENSE

All putative class allegations and claims should be stricken or dismissed because this case is not appropriate for certification as a class action under Federal Rule of Civil Procedure 23.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant intends to rely upon all other provable defenses available at trial and developed in discovery.

October 14, 2025

Respectfully Submitted,

*/s/ Michael S. Cryan*
Michael S. Cryan (Federal Bar No. ct17306)
michael.cryan@afslaw.com
**ArentFox Schiff LLP**
1301 Avenue of the Americas, Floor 42
New York, NY  10019
(212) 484-3900 (Telephone)
(212) 484-3990 (Fax)
*Counsel for Defendant,*
*Post University, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2025, the foregoing was filed electronically with the Clerk of Court to be served by Notice of Electronic Filing from the Court's electronic filing system upon the following:

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Phone: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

/s/ Michael S. Cryan
Michael S. Cryan