**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **ANAMELIA WRIGHT,** on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**POST UNIVERSITY, INC.**<br><br>*Defendant.* | Civil Case No.: 25-cv-1555-SVN |

## STATUS REPORT

The parties apologize for failing to submit the prior status report and provide the Court the update below.

This is a TCPA class action arising from alleged prerecorded telemarketing calls made by Post University. The proposed class includes individuals who received such calls over the four years preceding the filing through class certification.

Plaintiff served Initial Disclosures and a First Set of Discovery Requests. These requests focus on identifying vendors and dialing platforms involved in outbound calling campaigns, obtaining call detail records and dialing data, securing purported consent records and related opt-in documentation, and internal policies and procedures related to TCPA compliance.

Defendant has produced limited information to date, and key categories of discovery remain outstanding. Plaintiff has been actively conferring with Defendant regarding deficiencies in the production, including the failure to produce complete pre-recorded dialing records, and fullcall detail records responsive to the requests.

There is an ongoing dispute regarding the scope of call records and related data, including requests directed at comprehensive dialing and call detail information. Plaintiff

previously prepared a motion to compel but deferred filing based on Defendant's representations that additional production would be forthcoming.

Plaintiff will continue its meet-and-confer efforts regarding the outstanding dialing and consent records. Plaintiff will evaluate the sufficiency of any supplemental productions and will prepare to file a motion to compel if Defendant does not produce complete call data and vendor-related information by May 6, 2026. Plaintiff will also begin planning for depositions of individuals responsible for discovery responses and relevant data systems.

Fact discovery is currently set to close on July 17, 2026, and Plaintiff's motion for class certification is due on July 24, 2026.

### Defendant Post University's Separate Statement

The University incorporates its Brief Description of the Case from the parties' Joint Rule 26(f) Report as fully stated here.  Briefly, the University received an online inquiry in Plaintiff's name, with her telephone number, email address, and her physical address.  This inquiry was submitted next to a standard opt-in disclosure that informed Ms. Wright that "[b]y clicking the button below, Post University has your consent to use automated technology to call, text and email you regarding its educational services at the contact information provided above. It is not a requirement to provide this consent to attend Post University. Post University's Terms and Privacy Policy apply."

Post University had, and has, no reason to doubt that Ms. Wright was not the individual who provided her prior express written consent to be contacted in response to this inquiry, and at no point prior to the filing of this lawsuit did Ms. Wright inform the University of her position in this case that someone else submitted the inquiry with all of her personal information detailed above.  It should hopefully be a common-sense notion that the University would have no

incentive to simply call random strangers to attend Post University if they were not truly interested in pursuing a post-secondary degree.  Needless to say, one has to be in a very specific stage of one's life, with very individualized motivations, to either begin or resume a college degree.  And that is why the University only responds to individuals who have affirmatively reached out to the University to request information concerning its educational programs.

Despite these highly individualized issues associated with whether Ms. Wright was the person who requested that the University contact her, the University timely responded to 11 Interrogatories and 19 requests for production.  As the University understands it, Plaintiff is disputing the sufficiency of the University's response to only one request for production – "all documents … for each outbound telemarketing call or text message sent by you" over the last four years.  The University timely objected "that it would require the University to produce every record of every outbound telephone call that the University made in response to a prospective student's inquiry (and with their prior express written consent) over the last four years. Such a production would be incredibly burdensome and ultimately irrelevant to Plaintiff's claim or Post University's defenses."  During the meet-and-confer process, the University proposed to produce a statistically significant sample of its prospective student contact records, which was rejected. To avoid unnecessary briefing (in Post's view) and moot this dispute, however, the University agreed to produce its available records within the putative class period associated with all outbound calls where an answering machine was reached, and any associated CRM records maintained in the ordinary course of business for that particular prospective student indicating the source of that individual's request for information.  As stated in Post's initial objections, this is an incredibly burdensome exercise, requiring significant University resources to investigate, gather, and collate (where possible), information from different University databases.  That work

is still ongoing, but the University expects to be able to produce this information in the next two to three weeks.

The University also separately apologizes for the late filing of this joint status report. There were multiple April 17 events for this matter docketed appearing to be inter-party discovery deadlines and the distinct status report was mistakenly associated with these inter-party discovery deadlines.  Counsel for the University has ensured that the upcoming August 24, 2026 deadline for the Second Joint Status report has been calendared separately, and again regrets the error.

PLAINTIFF

By:  */s/ Anthony I. Paronich*
      Anthony Paronich
      PARONICH LAW, P.C.
      350 Lincoln Street, Suite 2400
      Hingham, MA 02043
      Telephone:  (617) 485-0018
      Facsimile:  (508) 318-8100
      Email: anthony@paronichlaw.com

DEFENDANT, Post University, Inc.

By: */s/ Michael S. Cryan*
Michael S. Cryan (Federal Bar No. ct 17306)
michael.cryan@afslaw.com
**ArentFox Schiff LLP**
1301 Avenue of the Americas, Floor 42
New York, NY  10019
(212) 484-3900 (Telephone)
(212) 484-3990 (Fax)

Adam D. Bowser (admitted *pro hac vice*)
Andrea M. Gumushian (admitted *pro hac vice*)
adam.bowser@afslaw.com
andrea.gumushian@afslaw.com
**ArentFox Schiff LLP**
1717 K Street, NW
Washington, DC  20006
(202) 857-6000 (Telephone)
(202) 857-6395 (Fax)